**Dennis v. Triangle Publications, Inc.**

*Daniel B. Michie, Jr.* and *Stephen R. Bolden,* for plaintiff.

*Helen H. Stern,* for defendants.

LEVIN, J., June 19, 1970.—Plaintiff in this libel action is the only black on the 15-member Abington Township Board of Commissioners. The claim arose as a result of an article published by defendant on November 9, 1969. The article concerned an investigation of 12 fires which broke out in Abington Township on October 30, 1969, and included statements from several of Abington's commissioners, including plaintiff.

The following references to plaintiff appear in the article:

1. He "blamed the fires on gangs in the area."

2. He "said the area has had no problem until October 30. Since gangs formed in the area, things are different."

3. He said two Negroes had applied to join one of the local, all-white fire companies "some time back," and that both applications were turned down.

The article then reports denials by other commissioners, Clarke and Haines, of plaintiff's charge of racial discrimination. Next, Commissioner Haines is quoted as complimenting plaintiff for "doing a good job in the Crestmont area." This quotation then continues: "It's too bad that any one area or race had to be blamed for what happened." The remainder of the article is not relevant to the claim.

Plaintiff denied having made the statements numbered 1 and 2, above, and admitted having made state-

ment number 3 more than a month prior to the date of the article. Plaintiff's theory is that alleged misstatements attribute to him the status of an "Uncle Tom," one who has " 'turn[ed] his back' on his own people." Plaintiff alleges that the false statements were published with knowledge of their falsity or with reckless disregard of whether or not they were false.

Defendant filed preliminary objections, raising three points:

I. That the article doesn't say what plaintiff alleges it says;

II. That even if it does, it is not capable of a defamatory meaning; and

III. That special damages are not alleged, although under the law, such allegations are a requisite of the cause of action.

## I.

With regard to the interpretation of the article, the test, as framed by defendant, is whether the average reader "*could* fairly and reasonably" interpret statement no. 1 as blaming the fires on *black* gangs. Defendant suggests that the article "is at least as likely to be read to mean he blamed *white* gangs." (emphasis by defendant). If this were true, in our opinion, the test stated above would be met. But we think plaintiff's contention here is stronger. Statement no. 3, in the context of this article, appears to be an explanation of why the *black* gangs started the fires. The essence of plaintiff's complaint is that the use of this true statement, out of context, with the false statements (1 and 2), reinforced the Uncle Tom image. We agree with plaintiff, and hold that the publication does say what plaintiff claims it says.

## II.

We now turn to a determination of whether the words complained of are capable of a defamatory

meaning. Section 573 of the Restatement of Torts makes defamatory a publication "which ascribes to another conduct, characteristics or a condition incompatible with the proper conduct of his lawful business, trade, profession, or of his public office. . . ."

In our opinion, the status of an Uncle Tom may be incompatible with the proper conduct of a public official who represents a predominantly black constituency. As such, the publication is capable of a defamatory meaning.

### III.

Defendant's contention that special damages must be pleaded is based on section 569 of the Restatement 2d, Torts, Tentative Draft no. 12. Under subsection (1)(a), defendant would appear to be correct, since the defamatory innuendo is not apparent without reference to extrinsic facts. However, subsection (1)(b)(iii)* also applies to this case (see part II, above) and, hence, defendant is subject to liability without proof of special harm. A fortiori, allegation of special damages is unnecessary.

For the foregoing reasons, we enter the following

### ORDER

And now, June 19, 1970, the preliminary objections of defendant, Triangle Publications, Inc., are dismissed. Defendant is granted leave to file an answer to the amended complaint within 20 days of the date of this order.

---

* "One who publishes defamatory matter is subject to liability without proof of special harm or loss of reputation if the defamation is libel or slander which imputes to another . . . (iii) matter incompatible with his business, trade, profession or office, as stated in §573": Section 569, Tentative Draft no. 12.